IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK JONES, Sr.,

    Plaintiff,                 No. CIV S-11-3048 GGH P

    vs.

CALIFORNIA SUPREME COURT,
Clerks and Administrators, et al.,     ORDER &
    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks a writ of mandate, prohibition or "alternative writ" and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will not be assessed an initial filing fee. Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

1

1  $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The court is required to screen
2  complaints brought by prisoners seeking relief against a governmental entity or officer or
3  employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint
4  or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that
5  fail to state a claim upon which relief may be granted, or that seek monetary relief from a
6  defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14 A complaint must contain more than a "formulaic recitation of the elements of a
15 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
16 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
17 "The pleading must contain something more...than...a statement of facts that merely creates a
18 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
19 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
20 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
21 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
22 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
23 the court to draw the reasonable inference that the defendant is liable for the misconduct
24 alleged." Id.

25 In reviewing a complaint under this standard, the court must accept as true the
26 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
2  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
3  1843 (1969).

4  Plaintiff states that he previously filed a lawsuit in state court regarding prison
5  conditions. That suit was dismissed for failure to exhaust and failure to state a claim. Plaintiff
6  then appealed the case in the state court system. Plaintiff states that his appeal to the California
7  Supreme Court was late and he was given an opportunity to file an application for relief from
8  default to explain why his appeal was late. Plaintiff says that he timely filed the application for
9  relief, but the California Supreme Court dismissed the appeal stating the application for relief
10 was not timely received. Plaintiff states that the clerk's office at the California Supreme Court
11 was not being truthful and this court should force the California Supreme Court to review his
12 appeal.

13 The undersigned construes plaintiff's filing as one seeking a writ of mandamus
14 against the clerk's office. However, this court does not have jurisdiction to issue such a writ. A
15 petition for a writ of mandamus to compel a state court or official to take or refrain from some
16 action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161
17 (9th Cir. 1991) ("We further note that this court lacks jurisdiction to issue a writ of mandamus to
18 a state court.")

19 The undersigned also notes that plaintiff filed this exact same case on the same
20 day, but as a writ of habeas corpus in case S-11-3047 JFM.[1] Plaintiff has also filed 17 other
21 cases in this district since 2000. The instant complaint fails to state a claim, is frivolous and
22 should be denied without leave to amend.

23 "A pro se litigant must be given leave to amend his or her complaint unless it is
24 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend.") See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile based on the discussion above.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff will not be assessed an initial filing fee. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The clerk of the court shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend as it fails to state a claim and is frivolous.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within seven days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time waives the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: December 12, 2011

                                                  /s/ Gregory G. Hollows
                                             UNITED STATES MAGISTRATE JUDGE

11  GGH: AB
    jone3048.b